UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KARIDIS TUBO,

                Plaintiff,

-against-

ORANGE REGIONAL MEDICAL CENTER,

                Defendant.

No. 13-cv-1495 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Karidis Tubo moves for reopening, reargument, and reconsideration of this Court's October 13, 2015 Opinion and Order (ECF No. 39, or the "Summary Judgment Opinion"), which granted Defendant Orange Regional Medical Center's ("ORMC") motion for summary judgment on Plaintiff's race discrimination, retaliation, and breach of contract/New York Labor Law ("NYLL") claims (the "Motion"). Familiarity with the Summary Judgment Opinion is assumed.

## LEGAL STANDARD

    Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners,*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2016

*L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press,* No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig,* 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

Plaintiff advances the following grounds for her motion for reconsideration: (1) newly discovered evidence; (2) excusable neglect; and (3) manifest injustice. (Plaintiff's Motion for Reopening, Reargument, and Reconsideration ("Pl.'s Mot.") at 1.)

With regard to the newly discovered evidence, Plaintiff points to the declaration of Kimberly Kruize ("Kruize Declaration"), a former employee of ORMC who was terminated in February 2015. (Pl.'s Mot. at 1–3.) As an initial matter, the Court notes that the Kruize Declaration was signed by Ms. Kruize on September 17, 2015—almost a full month before the Summary Judgment Opinion. Plaintiff's counsel acknowledges this in the Motion as well as his declaration (*see* Declaration of Michael Diederich, Jr., ¶ 2. n. 2); however, counsel fails to provide the Court with any explanation as to why he did not timely furnish the Court with a copy

of the Kruize Declaration.  *See Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (citing *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)).  In any event, for the reasons that follow, the Court concludes that the Kruize Declaration does not constitute "new evidence" warranting reconsideration of the Summary Judgment Opinion.

In her opposition to ORMC's motion for summary judgment, Plaintiff pointed to the termination of Shirlette Stewart, another African American employee of ORMC, as evidence of discrimination in her termination.  This Court concluded in the Summary Judgment Opinion that the termination of a single employee from the same protected group did not support Plaintiff's argument that race was at least one of the motivating factors in her termination.  (ECF No. 39 at 15.)  Notably, Ms. Stewart worked in a completely different role than Plaintiff at ORMC, and the decision-maker involved in Ms. Stewart's termination was distinct from those individuals who made the decision to terminate Plaintiff's employment.  Similarly, the newly presented Kruize Declaration establishes that Ms. Kruize worked in an entirely different function at ORMC (the same function as Ms. Stewart), and her termination occurred years after Plaintiff's termination.  Even if Plaintiff were permitted to establish discrimination through a "pattern and practice" claim in her individual, non-class, private suit, a claim that has been called into question by courts in this circuit (*see Rambarran v. Mount Sinai Hosp.*, No. 06-cv-5109 (DF), 2008 WL 850478, at *8 (S.D.N.Y. Mar. 8, 2008) (collecting cases)), the Court concludes that Ms. Kruize's declaration, which is rife with unsubstantiated allegations regarding the qualifications of Ms. Stewart, does not materially alter Plaintiff's race discrimination claims.

Nor can the Kruize Declaration be construed as "new evidence" in support of Plaintiff's breach of contract/NYLL claim regarding Defendant's alleged failure to pay Plaintiff earned vacation time.  As Defendant points out, as a union employee, Ms. Kruize's vacation pay was

governed by her union's collective bargaining agreement. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reopening, Reargument, and Reconsideration ("Def.'s Opp."), ECF No. 49 at 3–4) (citing Supplemental Affidavit of Joanne Sturans in Support of Defendant's Motion for Summary Judgment, ECF No. 50-2 ¶ 12). Plaintiff, on the other hand, was entitled to vacation pay as outlined in ORMC's Vacation Policy.

Furthermore, counsel's failure to "better describe[] all the relevant facts" in Plaintiff's summary judgment opposition does not constitute excusable neglect warranting reconsideration, nor does it support the notion that the interests of justice would be served through reopening the case. (Pl.'s Mot. at 3.) Equally unpersuasive is Plaintiff's contention that oral argument would have corrected alleged "false impression[s]" of the Court. (*Id.*) Reconsideration is not a mechanism for a losing party to refine inadequate advocacy. *See Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014) ("The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reopening, reargument, and reconsideration.

Dated: February 3, 2016  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

4